On Application for Rehearing.
The opinion of the court was delivered by
McEnery, J.
The following propositions are presented for a rehearing in the case:
*1149 1. That the court erred in failing to sustain the pleas of prescription against all the claims of the city for taxes sued for in manner and form pleaded by petitioner.
The taxes assessed from 1871 to 1888, both inclusive, are imprescriptible. Sue. Stewart, 41 An. 128; Act 77 of 1877; Act 26 of 1886.
There is no question at issue in relation to any lien, privilege or mortgage resulting from the tax.
It is urged that the taxes that were put into judgments have prescribed by the ten years’ prescription applicable to judgments.
A judgment is the conclusion of law from facts found. It does not therefore change the nature of the obligation, which is the foundation of the judgment.
The judgment recognizes the debt, but it remains with all of its securities intact.
It can not therefore declare that prescriptible which by the terms of the statute is imprescriptible.
The taxes which were placed in the form of judgments were by the law creating them made- perpetual obligations, as no term of prescription was designated in the statute.
The judgments therefore could not have the effect of fixing a definite period for their existence.
The judgments as a means of enforcing the tax may have prescribed, but the obligation to pay the tax remains.
There is no attempt to enforce the tax by means of the judgment.
2. That under the Constitution and laws of this State the tax can only7 be collected from the property on which the tax was assessed; and that, if in certain events the tax can be collected from other property, it can not be collected without proof of the inadequacy of the property assessed to pay the tax, or proof that the same can not be subjected to the tax.
The reasons assigned in the opinion on this point raised by the defendant we think conclusive, and it is difficult to state any additional ones for the decree rendered.
Article 210 of the Constitution says “there shall be no forfeiture of property for the non-payment of taxes, State, levee district, parochial or municipal, but at the expiration of the year in which they are due the collector shall, without suit, and after giving notice 4o the delinquent in the manner to be provided by law, (which shall not be by publication except in case of unknown owner), advertise *1150 for sale the property on which the taxes are due in the manner provided for by judicial sales, and on the day of sale he shall sell such portion of the property as the debtor shall point out, and in case the debtor shall not point out sufficient property, the collector shall, at once and without further delay, sell the least quantity of property which any bidder will buy for the amount of taxes, interest and cost.”
This constitutional provision treats the assessment as a judgment, and is in accord with the decisions of this court in numerous cases before the adoption of the Constitution' of 1879. In Shannon vs. Lane, 38 An. 491, we said: “Proceedings for the 'collection and assessment of taxes are assimilated in many respects to judicial proceedings, for which they are regarded as substitutes. The assessment, the record of the delinquent lists and the Tax Collector’s sale are the respective equivalents of judgment, seizure and execution sale.”
The property is considered as already seized, and its assessment and sale are to be conducted in accordance with the laws for the sale of property under judicial process. As to the taxes, the State stands in the relation of a creditor who has obtained judgment against his-debtor and seized his property under the judgment. This is made more emphatic by the words in the article without suit. Suit under-the article is unnecessary because all of the taxed property of the tax debtor is considered as covered by the assessment, which has the force and effect of a judgment, and is, for the purposes of collection, considered as seized.
There is no constitutional provision which prohibits the State from pursuing any remedy to enforce the judgment which she has for taxes by virtue of the assessment, which an ordinary judgment creditor possesses.
Hence the State under the provisions of Section 54 of Act 55 of 1888 has the right to proceed by rule against the delinquent tax debtors to compel the production of property, which by its nature,, or because the owner on representation holds it under his possession or under his control in such a manner that the Tax Collector cannot lay hands upon it, and refuses on demand to deliver the same to. the Tax Collector. State vs. V. & A. Meyer & Co., 41 An. 437.
The property of this succession had been sold and the proceedSi presented for distribution.
*1151 In the language of Act 55 of 1888 the Tax Collector can not lay hands upon it.
It has been sold, and the Tax Collector has been thwarted in his efforts to collect the tax. If the property could be reached by court process and subjected to summary expropriation, there is the strongest reason for the right \pf the Tax Collector to go into court by invitation of the executor, and urge payment out of the proceeds of the sale of the taxed property.
It is not sacramental to the legal payment of the tax that it should be paid out of the proceeds of the specific property taxed. The payment of the taxes out of the general fund of the succession property by the executor would be a legal and valid payment, and would relieve all the succession property, movable and immovable, from the tax.
In the record there is an agreement of counsel to the effect that the property upon which the taxes were levied still exists in kind, and has not been sold and the proceeds distributed. We have, however, taken the account as we find it in the record. The executor has marshalled the assets as though the property had been sold, and proposes a distribution of cash. It was upon this basis that the creditors were cited, and in pursuance of this invitation to appear, the Tax Collector filed his opposition.
We can not distinguish between the pleadings as formally stated and the agreement of counsel as to a different state of facts, giving them an entirely different interpretation.
The petition for the homologation of the account presented by the executor stated “that he herewith files a second provisional account of his administration herein and tableau of- distribution together with two proces verbal sales of property in verification of collections set forth in said account and marked respectively ‘A’ and ‘B.’ ”
But it is immaterial whether the property of the succession exists in kind or not. The State, by virtue of the assessment having the force and effect of a judgment, can, like an ordinary judgment creditor, force the executor by opposition to the account to place her on the tableaux as a creditor to be paid in preference to all creditors. We emphasize the statement that the State, by virtue of the assessment operating as a judgment, can avail herself of every remedy usual in such cases to enforce the payment of taxes. She is only prohibited in the first instance of instituting suit for taxes, because it would be *1152 an unnecessary expense, as the assessment already operates as judgment in her favor.
3. That the court erred in not sustaining the claim of the executor, that the judgment for taxes constituted res adjudieata against the claim of the city for taxes; that the claim of the city, even if well founded, should at all events be dismissed, as in case of non-suit, with leave to reassert the same at the proper time and proper manner.
This proposition is cover’d by what has been said in Nos. 1 and 2.
The plea of res adjudieata would undoubtedly be good as against the city prosecuting another suit to judgment for the taxes. And also as to all matters pertaining to the matter in controversy in those suits.
But this question is not here presented.
The city is not engaged in prosecuting to a judgment the taxes claimed.
As we have said, the taxes are existing obligations, notwithstanding the judgment may have prescribed. The city only presented her tax bills, not the judgments, by way of opposition to the executor’s account for payment. It was not necessary to present them to the exe.cutor for acknowledgment, in failure of which suit was necessary to have them recognized. They are presumed to be correct, and the law declares that they are due and existing obligations. In effect they are acknowledged claims, and as such were presented for payment to the executor through an opposition to his account in the absence of their statement in the tableaux of distribution.
The opposition was not a suit for taxes in violation of Article 210 of the Constitution. This is made clear by the reasons stated in the opinion.
While, under the provisions of said article, the State can not sue and prosecute to judgment the claim for taxes, yet to determine their validity she can be brought into court by an injunction or other proceeding, initiated by the tax debtor against the Tax Collector. So, in an insolvent proceeding, or in the account filed by an administrator or executor, the State can be brought into court through proceedings initiated by the syndic or the administrator or executor.
This appearance by the State on the invitation of the tax payer, syndic, administrator or executor, is not a suit for taxes, but is an answer to their demands. Geddins vs. Mosby, 37 An. 419.
*1153 The authorities referred to in the opinion also clearly demonstrate this proposition.
As stated in the opinion, it makes no difference whether it is the State or the city attempting to collect the tax. The law is applicable to both alike. Cons., Art. 202.
Therefore where we have used the word State, it is applicable to the City of New Orleans.
Rehearing refused.
Eenner, J., adheres to his former dissenting opinion.